The Honorable Art Givens State Representative Brookwood Center, Suite 206 301 Brookwood Road Sherwood, Arkansas 72116
Dear Representative Givens:
This is in response to your request for an opinion concerning whether Camp Robinson police officers and firefighters are covered under A.C.A. 21-5-704 (Supp. 1989), so that their spouse, surviving children, or surviving parents would be entitled to survivors benefits in the event of their death while on duty.
Although a conclusive response to your question may require a determination of factual matters beyond the purview of this office, it is my opinion that most likely these officers would fall within the statute.
The statute about which you inquire, A.C.A. 21-5-704, provides survivor benefits to the surviving spouse or surviving children of, among other individuals, "police officers" and "fire fighters". The statute was amended recently to provide benefits to surviving parents. The crucial inquiry surrounding your question is whether the Camp Robinson police officers and firefighters are "police officers" or "fire fighters" as defined in A.C.A. 21-5-701 et seq.
Those terms are defined at 21-5-701 (1) and (2) (Supp. 1989). The statute in relevant part provides:
(1) "Police officer" means"
 (A) Any law enforcement officer, engaged in official duty, who is a member of any regular or auxiliary police force, on a full or part-time basis, or the Arkansas State Police;
* * * *
 (2) "Fire fighter" shall mean any member of a fire department or fire fighting unit of any city of the first or second class, or any town, or any unincorporated rural area of this state, who actively engages in the fighting of fires on either a regular or voluntary basis, or any instructor of the Arkansas Fire Training Academy.
To be covered under the subchapter, the Camp Robinson firefighters and police officers must fall with these definitions. It is my understanding, however, that at Camp Robinson, police officers are also firefighters and vice versa. One person holds both positions. It is still my opinion, however, that if that individual falls within even one of the above definitions, he or she is covered under A.C.A. 21-5-701 et seq.
To be eligible as a "police officer" under A.C.A.21-5-704, an individual must be a "law enforcement officer" engaged in official duty, and must be a member of "any regular or auxiliary police force", on a full or part-time basis. The first determination is whether a Camp Robinson police officer is a "law enforcement officer". That term is defined in the Arkansas code as "any appointed law enforcement officer who is responsible for the prevention and detection of crime and the enforcement of the criminal, traffic, or highway laws of this state". See A.C.A. 12-9-102 (Supp. 1989). This definition is found in the subchapter on officer training and standards, and it should be noted that the Camp Robinson police officers are trained and certified in accordance with that subchapter at the Arkansas Law Enforcement Training Academy. Whether the Camp Robinson police officers are "responsible for the prevention and detection of crime and the enforcement of the criminal, traffic, or highway laws of this state" may be a factual question which must be analyzed in light of the Camp Robinson police officer's actual duties. It is my understanding, however, that their duties generally fall within this definition. The next inquiry is whether these officers are engaged in official duty and are members of any regular or auxiliary police force, whether full or part-time. It would appear that they are. This, as well, however, may be a factual question beyond the authority of this office.
If the police officers/firefighters at Camp Robinson are indeed covered under 21-5-701 et seq as "police officers" it is unnecessary to determine whether they are also covered as "fire fighters". But because there may be unresolved factual issues, we will address this issue as well. In order to be covered under A.C.A. 21-5-701 et seq. as a "fire fighter", an individual must be a "member of a fire department or fire fighting unit of any city of the first or second class, or any town, or any unincorporated rural area of this state", and must be actively engaged in the fighting of fires on either a regular or voluntary basis. It is clear, in my opinion, that the Camp Robinson fire fighters are not members of a fire department or unit of any city of the first or second class or town. Camp Robinson is not a city of the first or second class or a town. Thus, to be covered as a "fire fighter" under 21-5-701 (2) these firefighters must be members of a fire fighting unit of an unincorporated rural area, and be actively engaged in the fighting of fires either on a regular or voluntary basis.
Camp Robinson is located partly in an unincorporated area and partly within the city limits of the City of North Little Rock. Its firefighters, therefore, are members of a fire fighting department only a part of which is located within an unincorporated area. Moreover, Camp Robinson is a state installation. Additionally, it is my opinion that the Camp Robinson installation can most likely not be characterized as "rural". Thus, it appears that the Camp Robinson firefighters do not fall within the definition of "fire fighter" as that term is defined at A.C.A.21-5-701 (2) (Supp. 1989). It also appears, however, that because Camp Robinson firefighters are also Camp Robinson police officers, and because they most likely qualify under the definition of a "police officer" as that term is defined, their families are, in my opinion, probably entitled to the benefits set out under 21-5-704.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
STEVE CLARK Attorney General
SC:arb